REQUESTED BY: Senator Rex Haberman Nebraska State Legislature State Capitol, Room 1114 Lincoln, Nebraska 68509
Dear Senator:
You have asked whether the recent decision in the case of Kearney Convention Center, Inc. v. Buffalo County Boardof Equalization, 216 Neb. 292, ___ N.W.2d ___ (1984), negates or overrides the so-called Green Belt laws, Neb.Rev.Stat. 77-1344, et seq. (Reissue 1981).
It is important to understand that the decision inKearney Convention Center case was based upon the particular evidence, or lack of evidence, in the record before the Supreme Court and thus is of limited precedential value. In essence, that decision merely applied the general constitutional requirement that `Taxes shall be levied by valuation uniformly and proportionately upon all tangible property and franchises,' to the evidence in the record.
The Green Belt laws, on the other hand, reply upon additional constitutional language in Article VIII, Section 1, of the Constitution which is a specific exception to the above principle. This exception provides as follows:
 The Legislature may enact laws to provide that the value of land actively devoted to agricultural or horticultural use shall, for property tax purposes, be that value which such land has for agricultural or horticultural use without regard to any value which such land might have for other purposes or uses, and prescribe standards and methods for the determination of the value of real or other tangible property at uniform and proportionate values.
Thus, the Kearney case would have no impact on the present Green Belt laws.
Sincerely, PAUL L. DOUGLAS Attorney General John Boehm Assistant Attorney General